UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRAIS FERNANDEZ HAIRE,

    Plaintiff,

v.                                                                       Case No. 24-C-550

TONYA WESNER,

    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS AND DISMISSING THE CASE WITHOUT PREJUDICE**

      Plaintiff Trais Fernandez Haire, who is representing himself, is proceeding on an Eighth Amendment claim that Defendant Tonya Wesner was deliberately indifferent towards his on-going stomach pain. Dkt. Nos. 9 & 11. On February 5, 2025, Defendant filed a motion for summary judgment on exhaustion grounds. Dkt. No. 17. On April 1, 2025, Plaintiff filed a motion to stay the case "until the Court gives the plaintiff his request, which is to have experience professional medical care . . . outside of Waupun Correctional." Dkt. No. 29. Because the undisputed facts show that Plaintiff failed to appeal all three inmate complaints he filed regarding the denial of medical care for his stomach pain, he failed to <u>complete</u> the exhaustion process. Therefore, the Court will grant Defendant's motion for summary judgment on exhaustion grounds and dismiss this case without prejudice. The Court will also deny Plaintiff's motion to stay the case as moot.

## UNDISPUTED FACTS

      In this lawsuit, Plaintiff alleges that Advanced Practice Nurse Practitioner (APNP) Tonya Wesner ignored his complaints about significant stomach pain at the Waupun Correctional Institution prior to December 2023. Dkt. No. 9. According to Plaintiff, her only "treatment" was

a recommendation to stop consuming carbonated beverages, caffeine, milk, and spicy food, even though he had told her he did not consume those items. *Id*. at 2-3. Later, in December 2023, Plaintiff received a CT scan on his stomach, which showed a 1.8 cm low density lesion in the lateral segment of the left lobe of the liver. *Id*. at 4. In February 2024, Plaintiff received an MRI, which showed a cortical cyst in his kidneys on the right side. *Id*. Plaintiff believes that the lesion in his liver and/or the cyst in his kidneys may have been causing his on-going stomach pain and APNP Wesner was deliberately indifferent towards it. *Id*. Plaintiff filed three inmate complaints alleging denial of medical care for his stomach pain.[1] Dkt. No. 19, ¶¶4-23; *see also* Dkt. No. 20-1.

On August 28, 2023, Plaintiff filed inmate complaint WCI-2023-12942 alleging, "My abdomen, stomach have been hurting for #2 years. HSU gave me some medication. It did not work. Please see medical records. I am requesting an MRI." Dkt. No. 20-2 at 6. The Institution Complaint Examiner (ICE) recommended dismissing the inmate complaint because there was no need for an MRI in light of the fact that Plaintiff's ultrasound, x-rays, and labs had all come back normal. *Id*. at 2. The ICE noted that, although she is not a medical expert, the record was clear that Plaintiff's complaints were not being "ignored." *Id*. The Reviewing Authority (RA) agreed with the ICE's recommendation and dismissed the inmate complaint on November 13, 2023. *Id*. at 3. Plaintiff did not appeal the RA's decision to the Corrections Complaint Examiner (CCE). Dkt. No. 20, ¶11.

---

[1] Plaintiff also filed inmate complaint WCI-2024-4306 on March 21, 2024, alleging that "the water at Waupun has made me sick." Dkt. No. 20-1; *see also* Dkt. No. 20-5 at 8. But that complaint involved the conditions of his confinement, i.e. unsafe drinking water, not the fact that APNP Wesner had allegedly denied medical care for his stomach.

2

On September 18, 2023, Plaintiff filed another inmate complaint, WCI-2023-14099, alleging, "I need an MRI for my abdomen, stomach . . . which is continuing [to] hurt." Dkt. No. 20-3 at 5. The ICE "rejected" that inmate complaint on November 15, 2023, because it involved an issue already addressed in WCI-2023-12942. *Id*. at 2. Plaintiff did not appeal the rejected inmate complaint to the RA. Dkt. No. 20, ¶17.

On December 2, 2023, Plaintiff filed another inmate complaint, WCI-2024-586, alleging that HSU directed him to take four different types of medication with food and water to avoid an upset stomach. He asserted that he could not take the medication because he only gets "a peanut butter & jelly sandwich and a bag of chips" for lunch and dinner. Dkt. No. 20-4 at 6. The ICE "rejected" that inmate complaint as frivolous on February 22, 2024 because the four medications Plaintiff reported taking were not currently prescribed and, even if they were, Plaintiff could ask for crackers during medication pass or eat the numerous items that he orders from canteen every week. *Id*. at 2. Plaintiff did not appeal the rejected inmate complaint to the RA. Dkt. No. 20, ¶23.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co*., 612 F.3d 932,

937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

## ANALYSIS

Under the Prison Litigation Reform Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). "To satisfy the exhaustion requirement, an inmate must take each of the steps prescribed by the state's administrative rules governing prison grievances." *See Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020) (citing *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019)). "The primary justification for requiring prisoners to exhaust administrative remedies is to give the prison an opportunity to address the problem *before* burdensome litigation is filed." *Id.* (citing *Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006); *Schillinger v. Kiley*, 954 F.3d 990, 995-96 (7th Cir. 2020)).

Wisconsin has established the Inmate Complaint Review System (ICRS) to review inmate grievances. Wis. Admin. Code §DOC 310.04. To initiate a complaint, inmates must file an inmate complaint with the ICE within 14 calendar days of the relevant occurrence. §§DOC 310.03(5); 310.07(2). The ICE may reject an inmate complaint for a variety of reasons, including "the issue lacks merit or is otherwise frivolous" and "the issue has already been addressed through the inmate's prior use of the ICRS." §DOC 310.10(6)(c), (g). An inmate may appeal a rejection to

4

Case 1:24-cv-00550-WCG   Filed 04/07/25   Page 4 of 7   Document 30

the RA within 10 calendar days, and the RA's decision with respect to a "rejected" inmate complaint is final. §§DOC 310.03(5); 310.10(10).

An inmate complaint that is dismissed on the merits must be appealed to the CCE within 14 days after the date of the RA's decision. §DOC 310.09(1). "For all accepted appeals, the CCE shall recommend that the reviewing authority decision be affirmed or dismissed, in whole or in part, and send its recommendation to the secretary within 45 days of receipt of the appeal." §DOC 310.12(9). The Secretary shall make a decision within 45 days following receipt of the CCE's recommendation and that decision is final. §DOC 310.13(1)-(3). An inmate "shall exhaust *all* administrative remedies the department has promulgated by rule" before commencing a civil action. §DOC 310.05.

The undisputed evidence shows that Plaintiff did not satisfy his exhaustion obligation on any of the inmate complaints he filed regarding the denial of medical care for his stomach pain. Plaintiff's first inmate complaint was resolved on the merits, but was not appealed to the CCE as required by §DOC 310.09(1). Plaintiff's second and third inmate complaints were "rejected" but were not appealed to the RA as required by §DOC 310.10(10). The ICRS requires inmates to exhaust *all* administrative remedies the department has promulgated by rule before commencing a civil action. §DOC 310.05. Therefore, Plaintiff did not <u>complete</u> the exhaustion process with respect to any of the inmate complaints he filed; and Defendant has met her burden to show that Plaintiff failed to exhaust administrative remedies.

In response, Plaintiff focuses on the merits of his claim. *See* Dkt. No. 26. He states that stomach pain is a serious issue and he has repeatedly complained about it to no avail. *Id*. at 1-2. Plaintiff asks the Court to order "professional medical care" to "clarify the illness, before moving forward with anymore court proceeding." *Id*. at 3. He states that Defendant is wasting tax-payer

5

dollars by filing a motion for summary judgment on exhaustion grounds. *Id*. However, exhaustion is mandatory and district courts have no judicial discretion to make a merits-based exception to exhaustion. *See Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016). The Court notes that, because Plaintiff's medical condition appears to be on-going, he still has the opportunity to file another inmate complaint regarding his stomach issues and properly complete the exhaustion process by appealing all the way up to the final decisionmaker. Based on the numerous documents Plaintiff has attached to his motion, it appears that he keeps filing new inmate complaints, but he does not follow through by correcting the errors identified and/or appealing the decisions all the way up to the final decisionmaker. *See* Dkt. No. 26-1. The documents are incomplete at best; and there is no indication that any of Plaintiff's inmate complaints were fully exhausted or that he complained about Wesner's conduct prior to December 2023. *See id*. Therefore, the Court will grant Defendant's motion for summary judgment on exhaustion grounds and dismiss this case without prejudice. Because the Court is dismissing this case, it will deny Plaintiff's motion to stay the case as moot.

## CONCLUSION

For these reasons, Defendant's motion for summary judgment on exhaustion grounds (Dkt. No. 17) is **GRANTED**, and Plaintiff's motion to stay the case (Dkt. No. 29) is **DENIED as moot**. This case is **DISMISSED** without prejudice. The Clerk shall enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 7th day of April, 2025.

William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.